Kenneth R. Puhala
Theodore L. Hecht
Cynthia A. Murray
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for the Applicant, CA Investment (Brazil) S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
IN RE:                                                            :
                                                                  :
APPLICATION OF CA INVESTMENT (BRAZIL) S.A.   : Misc. Case No. _____
FOR AN ORDER TO TAKE DISCOVERY              :
FOR USE IN FOREIGN PROCEEDINGS              :
PURSUANT TO 28 U.S.C. § 1782.               :
                                                                  :
------------------------------------------------------------------X


**DECLARATION OF CLAUDIO LAERT COTRIM PASSOS IN SUPPORT OF
APPLICATION FOR AN ORDER TO TAKE DISCOVERY FOR
<u>USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782</u>**


      Claudio Laert Cotrim Passos, of full age, hereby declares:


      1.      I am employed by CA Investment (Brazil) S.A. (the "<u>Applicant</u>" or "<u>CA
Investment</u>") as the managing director and am duly authorized to make this declaration on its

behalf. This declaration is submitted in support of the Applicant's request for entry of an order

allowing it to take discovery for use in foreign proceedings pending in Singapore and Brazil

pursuant to 28 U.S.C. § 1782 (the "<u>Application</u>").


      **A.      Background**

2.      CA Investment is a corporation formed and existing under the laws of Brazil. It is the holder of 49.41% of the total issued and outstanding shares of Eldorado Brasil Celulose S.A. ("Eldorado"), a company formed in Brazil. Eldorado is in the pulp-producing business and is the second largest vertically integrated producer of market bleached hardwood kraft pulp in Brazil.

3.      The remaining 50.59% of the issued and outstanding shares in Eldorado are held by J&F Investimentos S.A. ("J&F"). J&F is controlled by Joesley Mendonca Batista and Wesley Mendonca Batista (the "Batista Brothers").

4.      As a result of a corruption probe of the Batista Brothers and several of their companies, on May 3, 2017, the Batista Brothers and certain other officers of J&F group companies entered into plea bargains with the Brazilian Federal Prosecutor Service (the "Plea Bargain"). The purpose of the Plea Bargain was for the Batista Brothers and their accomplices to avoid prosecution in exchange for payment of fines in the aggregate amount of R$225 million.

5.      On June 5, 2017, J&F entered into a leniency agreement (the "Leniency Agreement") pursuant to which J&F assumed responsibility for criminal conduct outlined in the Plea Bargain and J&F agreed to pay a fine of R$8.0 billion and to contribute an additional R$2.3 billion over a 25-year period for social projects. Based upon exchange rates in effect in 2017, the R$10.3 billion in fines amounted to approximately US$3.24 billion.

6.      The nature and extent of the Batista Brothers' illegal activities and criminal charges against the Batista Brothers are detailed in the Statement of Claim the Applicant has filed with the High Court of the Republic of Singapore (the "Statement of Claim"), a copy of which is attached as **Exhibit A.**

**B.**      **The Share Purchase Agreement**

7.      In order to fund the payment of their fines, the Batista Brothers and J&F sought to sell certain of their assets, including Eldorado.

8.      On or about September 2, 2017, CA Investment entered into a share purchase agreement (the "Share Purchase Agreement") with, *inter alia*, J&F to purchase J&F's ownership interest in Eldorado, which at the time represented 80.9% of Eldorado's total issued and outstanding capital stock. The Share Purchase Agreement was later amended (as originally contemplated) and Eldorado joined as an intervening-consenting party.

9.      The Share Purchase Agreement provided that CA Investment would acquire all shares in Eldorado on or before September 2, 2018. To date, this acquisition by CA Investment of all the shares in Eldorado has been only partly achieved based on the following:

(a)      ***Initial Acquisition***: The sale by J&F to CA Investment of 13% of the total and voting share capital of Eldorado for approximately R$1,006,000 was completed on September 25, 2017;

(b)      ***First Purchase***: The sale to CA Investment of 34.45% of the indirect total share capital of Eldorado by FIP Florestal for approximately R$2,700,000,000 and the sale of 1.96% of the indirect total and voting share capital of Eldorado from FIP Florestal for R$151,000,000, were both completed on December 12, 2017. As a result of these transactions, CA Investment owned 49.41% of the shares of Eldorado.

(c)      ***Second Purchase***: The sale of the remaining shares of Eldorado to CA Investment, which was required to be completed on or before September 2, 2018, has not yet

been accomplished due to J&F's and the Batista Brothers' bad faith conduct. As of July 18, 2018 (and therefore well in advance of the September 2 longstop date referred to above), CA Investment remitted all necessary funds, in cash, to fulfill all conditions precedent and to close the Second Purchase on or before September 2, 2018. CA Investment was therefore ready, willing and able to close the transaction as at July 18, 2018.

10.     One of the conditions precedent for the Second Purchase was the release of certain guarantees and other collateral provided by J&F (the "J&F Guarantees") in favor of certain of Eldorado's creditors, including the 50.59% shares in Eldorado owned by J&F that were to be transferred to CA Investment.

11.     For several months, J&F and Eldorado cooperated in CA Investment's efforts to negotiate with the relevant creditors a release of the J&F Guarantees so that CA Investment's acquisition of the remaining shares in Eldorado could be completed, as they were required to do under the Share Purchase Agreement. However, in March 2018, things changed. Due to a significant increase in pulp prices in China, which is Eldorado's main sales market, and favorable changes to the US/Brazilian exchange rate, J&F and Eldorado began to frustrate and obfuscate CA Investment's efforts to obtain the release of the J&F Guarantees.

### C.     The Brazilian Share Purchase Agreement Injunction

12.     By August 2018, it was clear to CA Investment that the Second Purchase would not be completed by the September 2, 2018 deadline due to J&F's and Eldorado's bad faith efforts to prevent CA Investment from obtaining release of the J&F Guarantees. As a result, on August 14, 2018, CA Investment filed an application for an injunction in the Brazilian courts, seeking, *inter alia*, an order compelling J&F and Eldorado to cooperate in order to achieve the

release of the J&F Guarantees, as required under the Share Purchase Agreement and Brazilian law.

13.     On August 31, 2018, the Brazilian court rendered its decision: (a) concluding that the dispute should be resolved by means of ICC arbitration under the terms of the Share Purchase Agreement; (b) precluding J&F from disposing of its shares in Eldorado pending the formation of the arbitration tribunal; and (c) requiring that Eldorado be managed in accordance with Clause 7 of the Share Purchase Agreement, which precludes Eldorado from undertaking transactions outside of the ordinary course of business without CA Investment's consent.

14.     On September 4, 2018, J&F issued a notice purporting to terminate the Share Purchase Agreement on the basis that the September 2, 2018 deadline had elapsed.

15.     J&F and CA Investment both filed interlocutory appeals of the lower Brazilian court's decision. On November 28, 2018, the São Paulo State Court of Appeals (the "São Paulo Appellate Court") issued its ruling in which it: (a) suspended J&F's notice termination of the Share Purchase Agreement; and (b) extended the injunctive relief granted by the lower court until the issues could be considered and evaluated by the ICC arbitration panel (the "Share Purchase Agreement Injunction"). A copy of the São Paulo Appellate Court's decision is attached as **Exhibit B**.

**D.     The ICC Arbitration Proceeding**

16.     On September 5, 2018, CA Investment submitted its ICC arbitration request to the Secretariat of the International Court of Arbitration of Brazil. The ICC case number for the

Brazilian arbitration proceeding is 23909/GSS. Both J&F and Eldorado responded on 15 October 2018.

17.     All three arbitrators have been selected, but the parties are awaiting confirmation that the Chairman of the arbitration panel has no conflicts, after which it is expected that the ICC will confirm formal constitution of the tribunal.

**E.     The Proposed US $500 Million Bond Issuance**

18.     At a shareholders' meeting held on February 6, 2019, J&F, which owns 50.59% of Eldorado's shares, approved, over the objection of CA Investment, which owns the other 49.41% of Eldorado's shares, the issuance of US $500 million in new bonds (the "Proposed Bonds") to be listed on the Singapore Exchange Securities Trading Limited ("SGX-ST") by an Eldorado affiliate, Eldorado Intl. Finance GmbH, which were to be guaranteed by Eldorado and another Eldorado affiliate, Cellulose Eldorado Austria GmbH (the "Proposed Bond Offering").

19.     The Proposed Bond Offering was previously approved at a January 31, 2019 meeting by Eldorado's board of directors, which is dominated by the Batista Brothers through the six of seven directors nominated by J&F.

20.      On February 1, 2019, CA Investment received for the first time from a third party, and not from Eldorado or J&F, a copy of an advanced draft of the nearly 400-page Offering Memorandum for the Proposed Bonds.

21.     The contents of the Offering Memorandum and a Supplemental Offering Memorandum issued February 4, 2019 for the Proposed Bonds (the "Offering Memoranda") are false, misleading and/or inaccurate in many respects.

22.     The Offering Memoranda: (a) grossly overstate Eldorado's EBITDA because, *inter alia*, the calculation includes ICMS (VAT) tax credits which cannot be properly reflected as EBITDA; (b) falsely portray the ICC arbitration as a dispute between J&F and CA Investment, even though Eldorado is named as a co-defendant and CA Investment seeks substantial damages from Eldorado; (c) materially misstate the terms and effect of the Share Purchase Agreement Injunction issued by the São Paulo Appellate Court; (d) provide materially inaccurate and/or inadequate disclosure with respect to related party transactions; (e) contain materially inaccurate and/or inadequate disclosure with regard to certain Brazilian investigations; (f) make materially inaccurate and/or inadequate disclosure concerning Eldorado's management, including Eldorado's refusal to appoint a CFO as required by its By-laws, and that Eldorado's CEO has no prior experience in the pulp industry and was appointed merely because he is the nephew of the Batista Brothers; (g) provide materially deficient disclosure regarding Eldorado's financial indebtedness; (h) contain inaccuracies and/or deficiencies regarding the service of BDO RCS Auditores Independentes S.S. ("BDO") as Eldorado's auditor, including failing to disclose that BDO is not legally permitted to serve as the auditor because it is not one of the fourth largest auditing firms as mandated under the By-laws; and (i) incorporate review reports dated November 9, 2018 and January 28, 2019 from BDO that are stated to be addressed to Eldorado's shareholders, but which were not provided to CA Investment.

## F.      The Singapore Bond Injunction

23.     On February 7, 2019, CA Investment commenced an action in the High Court of Singapore (HC/OS 169/2019) seeking an injunction restraining Eldorado from taking any further steps to publish or disseminate the Offering Memoranda or to apply to list the Proposed Bonds on the SGX-ST.

24.     Concurrently, CA Investment applied for an interim injunction in the Singapore High Court (HC/SUM 612/2019) ("SUM 612") seeking identical relief.

25.      On February 7, 2019, SUM 612 was heard and an order granting the application for an interim injunction was granted and remains in place (the "Singapore Bond Injunction"). A copy of the order granting the Singapore Bond Injunction is attached as **Exhibit C**.

### G.     The Brazilian Bond Injunction Proceeding

26.     On February 7, 2019, CA Investment also filed an *ex parte* injunction application in the Second Business and Arbitration Dispute Court in São Paulo asserting that the issuance of the Proposed Bonds was outside of the ordinary course of business under Clause 7 of the Stock Purchase Agreement. Initially, the court granted the requested injunction, but in response to motions filed by J&F and Eldorado, on February 27, 2019, the court revoked the injunction.

27.     CA Investment appealed to the São Paulo Appellate Court, which restored the injunction in part, ruling that Eldorado could only prepare for the bond issuance until the ICC arbitration panel reviews the dispute. As a result of a subsequent appeal filed by J&F and Eldorado, on March 12, 2019, the São Paulo Appellate Court reconsidered its decision and revoked the injunction. CA Investment is taking steps to have the São Paulo Appellate Court reconsider its decision revoking the injunction and to have the injunction reinstated.

### H.     The Singapore Derivative Action

28.     On March 15, 2019, CA Investment filed a derivative action in the High Court of Singapore (the "Derivative Action") in which it alleges that the Batista Brothers and certain of Eldorado's directors and officers, by causing Eldorado to publish materially false and/or

misleading statements in the Offering Memoranda in order to raise funds through the Proposed

Bond Offering based on false premises, committed fraud and breached their fiduciary duties to

act in good faith and in the best interests of Eldorado. The Statement of Claim also alleges that

J&F and BDO knowingly and dishonestly assisted in such wrongdoing. Further, CA Investment

contends that each of the defendants wrongfully and with intent to injure Eldorado and/or to

cause loss to Eldorado by unlawful means conspired to prepare and seek to disseminate the false

and/or misleading Offering Memoranda. A copy of the Statement of Claim in the Derivative

Action is attached as **Exhibit A**.

## I.       The Requested Discovery

29.       By this Application, CA Investment is seeking discovery, to assist it with the

claims in the court proceedings in Singapore and Brazil and the arbitration proceeding in Brazil

(the "Foreign Proceedings"), from the following entities:

(a)       ***White & Case LLP ("W&C")***: W&C is a New York limited liability partnership,

which is headquartered in New York, New York. W&C is legal counsel to Eldorado in

connection with the Proposed Bond Offering and preparation of the Offering Memoranda. CA

Investment is pursuing claims in the Foreign Proceedings relating to the Proposed Bond

Offering, the Offering Memoranda and the Share Purchase Agreement. The issues in the Foreign

Proceedings include CA Investment's contention that the Offering Memoranda contain multiple

material false and/or misleading statements. W&C has possession, custody or control of

documents relating to the statements in the Offering Memoranda as well as others (such as

financial information that has been withheld improperly from CA Investment), including

communications with Eldorado's directors, officers and other representatives regarding the



Proposed Bond Offering, the Offering Memoranda and the Share Purchase Agreement (which

CA Investment, as a significant (49.41%) shareholder of Eldorado, is entitled to see and hear)

and communications relating thereto with others, such as the initial purchasers' counsel (Davis

Polk & Wardwell LLP), the Trustee for the Proposed Bond Offering (U.S. Bank National

Association, as Trustee) and BDO, Eldorado's auditor.

(b)     ***BDO USA, LLP ("<u>BDO USA</u>")***: BDO USA is a Delaware limited liability

partnership, which is headquartered in New York, New York. BDO USA is an affiliate of

Eldorado's auditor. CA Investment believes that, given the significant connection of the

Proposed Bond Offering to New York, New York (for example, New York law governs the

Proposed Bonds, Eldorado and the issuer submit to jurisdiction in New York, and certain

payments are to be made from a New York bank account), BDO USA has possession, custody or

control of documents relating to the issues in the Foreign Proceedings referred to above.

(c)     ***The Bank of New York Mellon Corporation ("<u>BNYM</u>")***: BNYM is a Delaware

corporation, which is headquartered in New York, New York. BNYM is the Trustee in

connection with an existing issuance of bonds, maturing in 2021, as to which Eldorado is a

guarantor. Eldorado is required to provide BNYM with various reports and information as set

forth on pages 139-140 of the Offering Memorandum for this existing bond issuance. **Exhibit D**

(excerpts from Offering Memorandum dated June 9, 2016). The reports and information that

Eldorado has provided to BNYM are relevant to the issues in the Foreign Proceedings referred to

above. For example, CA Investment believes that BNYM has possession, custody or control of

financial information that Eldorado' directors, officers and other representatives have withheld

improperly from CA Investment.

10



(d)    ***Moody's Investors Service, Inc. ("Moody's")***: Moody's is a Delaware corporation, which is headquartered in New York, New York. Moody's is in the business of providing bond credit ratings. Moody's assigned a "corporate family rating" to Eldorado in January 2019. To be able to provide that rating, Moody's necessarily had communications with and received documents relating to Eldorado's business and financial information, including the Proposed Bond Offering, from people and entities involved in the Proposed Bond Offering. As a result, Moody's has possession, custody or control of documents relating to the issues in the Foreign Proceedings referred to above.

(e)    ***Fitch Ratings, Inc. ("Fitch")***: Fitch is a Delaware corporation, which is headquartered in New York, New York. Fitch is in the business of providing bond credit ratings. Fitch provided or was planning to provide a credit rating for the Proposed Bonds. To be able to provide that rating, Fitch necessarily had communications with and received documents relating to the Proposed Bond Offering from people and entities involved in the Proposed Bond Offering. As a result, Fitch has possession, custody or control of documents relating to the issues in the Foreign Proceedings referred to above.

30.    Such documents and information also are unlikely to be obtained in the Foreign Proceedings (where the proposed subpoena respondents are non-parties) or anywhere else, especially given that, as discussed above, the Batista Brothers and their accomplices are withholding critical financial and business information from CA Investment regarding Eldorado that is relevant to the Foreign Proceedings. Moreover, the Batista Brothers' well-documented criminal history of orchestrating and/or being significantly involved in massive fraud, bribery and corruption schemes is compelling evidence that they will do all they can by any means to



conceal material information that CA Investment could use to support its claims in the Foreign Proceedings.

31.     Accordingly, CA Investment respectfully requests that the Court grant its Application to take discovery from the proposed subpoena respondents.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.


Executed on March 20, 2019,
In São Paulo

_____
Claudio Laert Cotrim Passos