Kenneth R. Puhala
Theodore L. Hecht
Cynthia A. Murray
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for Applicant, CA Investment (Brazil) S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                               :

IN RE:                             :
                             :

APPLICATION OF CA INVESTMENT (BRAZIL) S.A.  :  Case No. 1:19-mc-00134-PKC
FOR AN ORDER TO TAKE DISCOVERY         :
FOR USE IN FOREIGN PROCEEDINGS         :
PURSUANT TO 28 U.S.C. § 1782.            :
                             :
-----------------------------------------------------------------------X

---

### APPLICANT'S MEMORANDUM OF LAW IN OPPOSITION TO
### ELDORADO BRASIL'S MOTION TO VACATE
### SECTION 1782 ORDER AND TO QUASH SUBPOENAS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................................... i

PROCEDURAL HISTORY............................................................................................................. 2

    A.    The Singapore Bond Injunction Proceeding ................................................................3

    B.    The Singapore Derivative Action.................................................................................4

ARGUMENT

POINT I
    THE STATUTORY REQUIREMENTS OF SECTION 1782 HAVE BEEN MET.......... 6

    A.    The Discovery Is For Use In Foreign Tribunals........................................................... 6

          1.    The Singapore Bond Injunction and Singapore Derivative Action ................. 7

          2.    The ICC Arbitration.......................................................................................... 8

    B.    The Subpoena Respondents Are "Found" In This District ....................................... 10

    C.    CA Investment is an "Interested Party" ....................................................................12

POINT II
    THE DISCRETIONARY INTEL FACTORS WEIGH  IN FAVOR OF ALLOWING
    THE REQUESTED DISCOVERY................................................................................. 12

    A.    The Subpoena Respondents Are Not Parties in the Foreign Proceedings................. 13

    B.    Singapore Courts Are Receptive to Discovery Pursuant to Section 1782 ................ 14

    C.    The Application Is Not An Effort To Circumvent Foreign Proof-Gathering
        Restrictions................................................................................................................. 15

    D.    The Discovery Sought by CA Investment is Neither Unduly  Intrusive Nor
        Burdensome................................................................................................................. 16

CONCLUSION............................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdul Latif Jameel Transp. Co. Ltd. v. FedEx Corp.*,
  2019 U.S. App. LEXIS 28348, -- F.3d -- (6th Cir. Sept. 19, 2019)...........................................9

*In re Accent Delight Int'l Ltd.*,
  2017 U.S. Dist. LEXIS 211058 (S.D.N.Y. Dec. 22, 2017) .......................................................3

*In re Application of the Children's Inv. Fund Found.*,
  363 F. Supp. 3d 361 (S.D.N.Y. 2019)..............................................................................*passim*

*In re Ex Parte Application of Kleimar N.V.*,
  220 F. Supp. 3d 517 (S.D.N.Y. 2016)...................................................................................9

*Brandi-Dohrn v. IKB Deutsche Indiustriebank AG*,
  673 F.3d 76 (2d Cir. 2012)..............................................................................6, 13, 17

*In re del Valle Ruiz*,
  2019 U.S. App. LEXIS 30002, -- F.3d -- (2d Cir. Oct. 7, 2019) ...................................1, 12, 13

*Euromepa S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995)..............................................................................7, 14

*In re Fitch, Inc.*,
  330 F.3d 104 (2d Cir. 2003)...............................................................................17

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004)..............................................................................*passim*

*In re Iraq Telecom*,
  No. 18-MC-458 (LGS) (OTW), 2019 U.S. Dist. LEXIS 136321 (S.D.N.Y. Aug.
  13, 2019) ..............................................................................8, 14, 15, 16

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*,
  895 F.3d 238 (2d Cir. 2018)..............................................................................10, 11

*Mees v. Buiter*,
  793 F.3d 291 (2d Cir. 2015)..............................................................................6, 12, 16, 17

*Optimal Invs. Serv, S.A. v. Berlamont (In re An Order Pursuant to 28 U.S.C. § 1782)*,
  773 F.3d 456 (2d Cir. 2014)..............................................................................18

*In re Pinchuk*,
  2014 U.S. Dist. LEXIS 43686 (D. Fla. Mar. 31, 2014) .............................................................7

i

*In re Republic of Kazakhstan,*
    110 F. Supp. 3d 512 (S.D.N.Y. 2015)...............................................................................14, 18

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP,*
    376 F.3d 79 (2d Cir. 2004)......................................................................................................11

*In re Shareefah Khaled Alghanim,*
    No. 17-mc-406 (PKC) 2018 U.S. Dist. LEXIS 83453 (S.D.N.Y. May 9, 2018)...............16, 18

**Statutes**

28 U.S.C. § 1782...................................................................................................................... *passim*

**Other Authorities**

RESTATEMENT OF THE LAW, U.S. LAW OF INT'L COMM. AND INV.-ST. ARB., § 3.5.........................9

Applicant CA Investment (Brazil) S.A. ("CA Investment") respectfully submits

this memorandum of law in opposition to intervenor Eldorado Brasil Celulose S.A.'s ("Eldorado

Brasil") motion to vacate the Court's Order dated March 21, 2019 (the "Order") granting CA

Investment's *ex parte* application pursuant to 28 U.S.C. § 1782 and to quash the subpoenas for

the production of documents for use in foreign proceedings (the "Subpoenas") issued to: (i)

White & Case LLP; (ii) BDO USA, LLP; (iii) The Bank of New York Mellon Corporation; (iv)

Moody's Investors Service, Inc.; and (v) Fitch Ratings, Inc. (collectively, the "Subpoena

Respondents").

## PRELIMINARY STATEMENT

The Court should deny Eldorado Brasil's motion to vacate the Order and quash

the Subpoenas on the ground that CA Investment has met the statutory requirements of 28 U.S.C.

§ 1782, and the discretionary factors identified by the United States Supreme Court in *Intel*

*Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh in favor of the Court's

granting CA Investment's application. Indeed, the Second Circuit recently pronounced that "we

have repeatedly recognized Congress's intent that § 1782 be 'interpreted broadly,' especially

given the district court's ability to 'exercise discretion in deciding whether, and in what manner,

to order discovery in particular cases.'" *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002, at

*14, -- F.3d -- (2d Cir. Oct. 7, 2019) (citations omitted).

As discussed below, intervenor Eldorado Brasil incorrectly: (i) asserts that none

of the foreign proceedings that CA Investment describes in its application qualifies for assistance

under Section 1782; (ii) conflates the statutory requirements of Section 1782 with the

discretionary *Intel* factors; and (iii) argues that CA Investment seeks documents from the

Subpoena Respondents that it also can obtain directly from Eldorado Brasil.

## PROCEDURAL HISTORY

CA Investment filed an *ex parte* application for an order to take discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782 on March 20, 2019.[1]  [ECF Doc. 1]  The Court granted CA Investment's application the next day, on March 21, 2019, and authorized CA Investment to issue the Subpoenas for the production of documents to the five Subpoena Respondents (the "Order").  [ECF Doc. 8]

At the time CA Investment made its application for discovery pursuant to Section 1782, CA Investment provided a summary of the various foreign proceedings for which the discovery was sought including, among other proceedings:  (i) the action commenced in the High Court of Singapore (HC/OS 169/2019) seeking an injunction restraining Eldorado Brasil and others from taking any further steps to publish or disseminate the Offering Memoranda[2] or to apply to list the Proposed Bonds on the SGX-ST (the "Singapore Bond Injunction"); and (ii) the derivative action in the High Court of Singapore in which CA Investment alleges that the Batista Brothers and certain of Eldorado Brasil's directors and officers, by causing Eldorado Brasil to publish materially false and/or misleading statements in the Offering Memoranda in order to raise funds through the Proposed Bond Offering based on false premises, committed fraud and breached their fiduciary duties to act in good faith and in the best interests of Eldorado Brasil

---

[1] CA Investment respectfully refers the Court to CA Investment's Memorandum of Law In Support of *Ex Parte* Application For An Order To Take Discovery For Use in Foreign Proceedings Pursuant To 28 U.S.C. § 1782 dated March 20, 2019 ("CA Investment Br.") [ECF Doc. 7] for a detailed factual background of the parties and the underlying disputes.

[2] Terms not defined herein are defined in CA Investment's Memorandum of Law in Support of *Ex Parte* Application For An Order to Take Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. § 1782 dated March 20, 2019.  [ECF Doc. 7]

(the "Singapore Derivative Action").[3] *See* CA Investment Br. at 7-9 [ECF Doc. 7].

The current status of the Singapore Bond Injunction and Singapore Derivative Action is as follows:

## A.    The Singapore Bond Injunction Proceeding

On February 6, 2019, CA Investment commenced HC/OS 169/2019 ("OS 169") in the High Court of Singapore seeking an injunction against Eldorado Brasil, Celulose Eldorado Austria GmbH ("Eldorado Austria") and Eldorado Intl. Finance GmbH ("Eldorado Finance") to, among other things, restrain Eldorado Brasil, Eldorado Austria and Eldorado Finance (collectively the "Respondents") from taking any step or action (or taking any further step or action) in furtherance of or in connection with the listing of the proposed bonds (the "Proposed Bonds") to be issued by Eldorado Finance and to be guaranteed by Eldorado Austria as a proposed subsidiary guarantor and Eldorado Brasil as proposed parent guarantor on the Singapore Exchange Securities Trading Limited ("SGX-ST"). *See* Declaration of Suresh Sukumaran Nair dated October 15, 2019 ("Nair Decl."), at ¶ 4 and Annex A and B.

Concurrently, CA Investment also commenced HC/SUM 612/2019 ("SUM 612") which sought an interim injunction in respect of the same reliefs sought in OS 169 pending the final resolution of OS 169. Nair Decl. ¶ 6. On February 7, 2019, the High Court of Singapore

---

[3] In addition to the Singapore Bond Injunction and the Singapore Derivative Action, CA Investment seeks permission to use any discoverable material in any other foreign proceedings, including the bond injunction proceeding pending in Austria and the arbitration in Brazil. *See In re Accent Delight Int'l Ltd.*, 2017 U.S. Dist. LEXIS 211058, at *4-5 (S.D.N.Y. Dec. 22, 2017) ("Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise.").

allowed SUM 612 and issued the Order of Court HC/ORC 953/2019 (the "Interim Injunction Order"). *Id.*, ¶ 6 and Annex C. The Interim Injunction Order currently remains in force. *Id.*, ¶ 6.

On July 9, 2019, the Respondents filed HC/SUM 3420/2019 ("SUM 3420") which is an application to stay OS 169 in favor of arbitration pursuant to section 6 of the International Arbitration Act. Nair Decl., ¶ 7 and Annex D. The hearing for SUM 3420, together with the hearing of the Jurisdiction Challenges (defined below), was fixed for October 9, 16 and 17, 2019 before the High Court of Singapore. *Id.*, ¶ 8. SUM 3420 was partially heard on October 9, 2019 and will resume on October 16, 2019. *Id.* A pre-trial conference for OS 169 is presently fixed for November 6, 2019. *Id.*, ¶ 9

## B.    The Singapore Derivative Action

On March 15, 2019, CA Investment commenced HC/S 284/2019 ("Suit 284") in Singapore against the following parties:

(a)     Mr Joesley Mendonça Batista and Mr Wesley Mendonça Batista (in their capacities as shadow and/or de facto directors of Eldorado Brasil);

(b)     Mr José Batista Sobrinho, Mr Emerson Fernandes, Mr Sergio Longo, Mr Francisco de Assis e Silva and Mr José Antonio Batista Costa who are directors of Eldorado Brasil;

(c)     Mr Aguinaldo Gomes Ramos Filho, who is Eldorado Brasil's Chief Executive Officer;

(d)     BDO RCS Auditores Independentes S.S ("BDO") who was appointed by Eldorado Brasil in connection with the Proposed Bonds and the Offering Memorandum;

(e)     J&F Investimentos S.A. ("J&F"); and

4

(f)     Eldorado Brasil, who is a nominal defendant in the action, (collectively the "Defendants").

*See* Nair Decl. ¶ 10 and Annex E.

On March 28, 2019, CA Investment sought and was granted leave by the Singapore High Court pursuant to Order 11 rule 1 of the Rules of Court (Cap. 322) ("Rules of Court") to serve a sealed copy of the Writ of Summons and Statement of Claim in Suit 284 on the Defendants out of jurisdiction in Brazil. *Id.*, ¶ 12. On April 17, 2019, CA Investment sought and was granted leave by the Singapore High Court pursuant to Order 62 rule 5 of the Rules of Court to serve a sealed copy of the Writ of Summons and Statement of Claim in Suit 284 on the Defendants via substituted service. *Id.*, ¶ 13 and Annex F.

On June 19, 2019, the Defendants filed three separate applications, HC/SUM 3049/2019, HC/SUM 3059/2019 and HC/SUM 3060/2019, to among other things, challenge the jurisdiction of the Singapore High Court to hear the matters raised in Suit 284, and to set aside the order granting CA Investment leave to serve the relevant papers on the Defendants out of jurisdiction (collectively the "Jurisdiction Challenges"). *Id.*, ¶ 13 and Annex G. The hearing of the Jurisdiction Challenges, together with the hearing of SUM 3420, was fixed for October 9, 16 and 17, 2019. *Id.*, ¶ 14. In the hearing on October 9, 2019, the Honorable Justice Vinodh Coomaraswamy decided to hear SUM 3420 first and the hearing of the Jurisdiction Challenges did not take place. *Id.* The hearing of the Jurisdiction Challenges is likely to take place on October 16 and 17, 2019. *Id.*

5

## ARGUMENT

### POINT I

### THE STATUTORY REQUIREMENTS
### OF SECTION 1782 HAVE BEEN MET

District courts have the discretion to grant discovery under Section 1782 when

three statutory requirements are met: "(1) the person from whom discovery is sought resides (or

is found) in the district of the district court to which the application is made; (2) the discovery is

for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application

is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d

291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn v. IKB Deutsche Indiustriebank AG*, 673 F.3d

76, 80 (2d Cir. 2012)).

Eldorado Brasil does not dispute that CA Investment is an interested party.

Instead, Eldorado Brasil argues – incorrectly – that the discovery is not for use in "foreign

tribunals" within the meaning of Section 1782 and that Eldorado Brasil is not "found in this

district." *See* Memorandum of Law In Support of Eldorado Brasil's Motion To Vacate The

Court's Order And To Quash Subpoenas For the Production Of Documents For Use In A

Foreign Proceeding dated June 3, 2019 ("Intervenor Br.") [ECF Doc. 20], at 9-16.  As set forth

below, the Court should reject Eldorado Brasil's arguments and conclude, as it did in granting

the *ex parte* application, that each of the statutory requirements has been met.

### A.      The Discovery Is For Use In Foreign Tribunals

The Court should reject Eldorado Brasil's argument that "[t]he foreign

proceedings that underlie CA [Investment]'s Application do not qualify for assistance under

Section 1782 because they are either for use in a private commercial arbitration, extinct, stayed,

or moot."  Intervenor Br. at 9.  As discussed below, the Singapore Bond Injunction and

6

Singapore Derivative Action have not been stayed and are not moot.  Thus, the Court need not decide the issue of whether the ICC Arbitration is considered a "foreign tribunal" within the meaning of Section 1782.

        1.        <u>The Singapore Bond Injunction and Singapore Derivative Action</u>

        Eldorado Brasil incorrectly asserts that "the Singapore Injunction Action and the Singapore Derivative Suit are moot."  Intervenor Br. at 13 (citing to Declaration of Chan Leng Sun SC dated June 1, 2019, ¶ 88).[4]  In fact, both the Singapore Bond Injunction and Singapore Derivative Action are both active and additional hearings are scheduled for later this week.  *See* Nair Decl. ¶¶ 8, 14.

        Eldorado Brasil also claims that the allegations asserted by CA Investment in the Singapore Bond Injunction and Singapore Derivative Action "do not belong in Singapore but in the ICC Arbitration."  *See* Intervenor Br. at 13.  While this may be an argument for Eldorado Brasil to make before the Singapore courts,[5] CA Investment continues to pursue its rights in accordance with Singapore laws and the two proceedings are still pending in the Singapore courts.  In any event, district courts are discouraged from "engag[ing] in speculation about how any of the [f]oreign [p]roceedings may be resolved."  *In re Application of the Children's Inv. Fund Found.*, 363 F. Supp. 3d 361, 377 (S.D.N.Y. 2019); *see also Euromepa S.A. v. R.*

---

[4] Paragraph 88 of the Declaration of Chan Leng Sun SC states:  "According to my instructions, the Eldorado Bond Offering has been cancelled by the company, and accordingly any listing of the Eldorado Bonds in Singapore has also been cancelled [ ].  It therefore seems that the premise of the injunction and the derivative actions in Singapore no longer exists and much of the discussions above are moot."  [ECF Doc. 22.]

[5] Eldorado Brasil cites to *In re Pinchuk*, 2014 U.S. Dist. LEXIS 43686 (D. Fla. Mar. 31, 2014) and asserts that the petitioner's application for discovery under Section 1782 in that case was "denied" when, in fact, the application was stayed.  *See In re Pinchuk*, 2014 U.S. Dist. LEXIS 43686, at *20 (D. Fla. Mar. 31, 2014) ("This discovery proceeding is stayed").

*Esmerian, Inc.*, 51 F.3d 1095, 1099-1100 (2d Cir. 1995) (stating that it is "unwise -- as well as in tension with the aims of section 1782 -- for district judges to try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law. [W]e do not read [Section 1782] to condone speculative forays in legal territories unfamiliar to federal judges. Such a costly time-consuming, inherently unreliable method of deciding section 1782 requests cannot possibly promote the 'twin aims' of the statute.").

"For purposes of the statutory requirement, Applicants need only make a de minimis showing that the requested discovery is 'for use' in the proceedings, so long as the proceeding falls within the scope of § 1782." *In re Application of the Children's Inv. Fund Found.*, 363 F. Supp. 3d at 371. CA Investment has met this de minimis requirement. *See* Nair Decl. ¶¶ 15-16.

2.   The ICC Arbitration

Given that CA Investment primarily seeks discovery for use in the Singapore Bond Injunction and Singapore Derivative Action, it is not necessary for this Court to decide whether the ICC Arbitration is a "foreign tribunal." Nevertheless, the issue whether a private commercial arbitration is a "foreign tribunal" within the meaning of Section 1782 is not as settled as Eldorado Brasil claims. *See e.g.*, *In re Iraq Telecom*, No. 18-MC-458 (LGS) (OTW), 2019 U.S. Dist. LEXIS 136321, at *9 n.5 (S.D.N.Y. Aug. 13, 2019) ("Notwithstanding *Intel's* language embracing arbitral tribunals, courts in this District have since disagreed on whether to accept the Supreme Court's reference to arbitral tribunals as authority to permit use of § 1782 for private arbitrations."). After the Supreme Court's *Intel* decision in 2004, courts in this district have found that Section 1782 does indeed apply to private foreign arbitrations. *See e.g.*, *In re Application of the Children's Inv. Fund Found. (UK)*, 363 F. Supp. 3d at 370 (concluding that "a

8

private arbitration tribunal is a 'proceeding in a foreign or international tribunal' for the purposes

of § 1782; therefore the [London Court of International Arbitration] satisfies this statutory

requirement."); *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 521 (S.D.N.Y.

2016)[6] (concluding that the London Maritime Arbitration Association is a "foreign tribunal" that

falls within Section 1782).

Moreover, recent case law and other legal authorities have concluded that private

commercial arbitration is a "foreign tribunal" under the meaning of Section 1782. *See e.g.*,

*Abdul Latif Jameel Transp. Co. Ltd. v. FedEx Corp.*, 2019 U.S. App. LEXIS 28348, at *3, --

F.3d -- (6th Cir. Sept. 19, 2019) (concluding, after an exhaustive analysis of the context, history

and statutory text, that Section 1782 "permits discovery for use in the private commercial

arbitration at issue"); RESTATEMENT OF THE LAW, U.S. LAW OF INT'L COMM. AND INV.-ST. ARB.,

§ 3.5, Court-Ordered Production of Evidence in Aid of Arbitration, Reporter's Notes, Comment

b (Proposed Final Draft (April. 24, 2019) (approved on May 20, 2019) ("The Restatement takes

the position that the plain language of § 1782 should prevail and the statute should be interpreted

as applying to all arbitral tribunals.").

---

[6] Eldorado Brasil's attempt to distinguish *In re Kleimar N.V.*, 220 F. Supp. 3d 517 (S.D.N.Y. 2016) fails. In that case, the district court held that an arbitration under the London Maritime Arbitrators Associates was considered a "foreign tribunal." Eldorado Brasil argues that *In re Kleimar* is distinguishable because it "presented the unique scenario where the arbitration would be subject to judicial review under both the rules of the arbitration and applicable law." *See* Intervenor Br. at 11. There is, however, no requirement under Section 1782 that an award issued by a foreign tribunal must be subject to judicial review. Furthermore, while Eldorado Brasil claims that judicial review of arbitral awards is not permitted under Brazilian law, the declaration submitted by Flávio Luiz Yarshell on issues of Brazilian law states that there are certain grounds under which a court may declare an arbitral award to be null and void. *See* Yarshell Decl., ¶ 58 n.6 [ECF Doc 24] ("Only in specific cases provided for in Article 32 of Federal Act 9.307/96 (e.g., invalid arbitration clause, decision by a person who could not be an arbitrator,) it is possible to challenge the validity of the arbitral proceedings in a judicial action.)").

**B.      The Subpoena Respondents Are "Found" In This District**

Eldorado Brasil argues that "[t]he Order must be vacated because Eldorado Brasil, the real party in interest here, does not reside and is not found in New York." Intervenor Br. at 14. This is not correct. There is no requirement under Section 1782 that Eldorado Brasil be found or resides in this district. The relevant language of Section 1782 states that "[t]he district court of the district in which a person resides or is found may order him to . . . produce a document or other thing for use in a foreign or international tribunal . . ." 28 U.S.C. § 1782. This requirement is directed to the person or entity that is the recipient of the subpoena.

Eldorado Brasil conflates the statutory requirement that the person or entity from whom discovery is sought must be "found" or "resides" within this district with the first discretionary *Intel* factor that focuses on whether the person from whom discovery is sought is a participant in the relevant foreign proceedings who is subject to discovery in those foreign proceedings. The two cases cited by Eldorado Brasil do not support its argument that the statutory requirement has not been met here because Eldorado Brasil is not "found" in this district. In *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018), the district court granted petitioner's application to subpoena documents from Cravath in aid of the petitioner's lawsuit against Royal Dutch Shell pending in the Netherlands. *Id.* at 243. On appeal, Cravath challenged the district court's jurisdiction to consider the petitioner's application (arguing that the first statutory requirement was not satisfied because Cravath's foreign client was the real target for discovery and not found in the district) and its exercise of discretion in granting the petition. The Second Circuit reversed the district court's decision granting the petitioner's application on the ground that it was an abuse of discretion. *Id.* at 241. The Second Circuit concluded, however, that "[a] law firm's representation of a foreign client is a factor worth considering; *but it is a discretionary factor, not a jurisdictional requirement*." *Id.*

10

at 244 (emphasis added).

        Similarly, in *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004), the Second Circuit affirmed the district court's denial of petitioner's Section 1782 application for discovery from a U.S. law firm representing a German corporation for use in proceedings pending in Germany. *Id.* at 81-82. The district court concluded that the statutory requirements were met but exercised its discretion and denied petitioner's application for discovery. *Id.* at 82-83. On appeal, the Second Circuit concluded that the district court's exercise of discretion "to deny discovery also finds support in the *first factor* noted by the Supreme Court in *Intel*." *Id.* at 85 (emphasis added). Additionally, *Kiobel* and *Schmitz* address the first *Intel* discretionary factor solely as it relates to an application pursuant to Section 1782 for discovery from a U.S. law firm of a foreign company.[7]

        There is no dispute that the Subpoena Respondents are "found" or "reside" in this district. To the extent that Eldorado Brasil argues that the BDO USA, LLP ("BDO USA") is not found in this district (*see* Intervenor Br. at 15-16), Eldorado Brasil is wrong. BDO USA's registration with the New York State Department of State states that BDO USA is registered to do business in New York and its principal place of business is 100 Park Avenue, New York, New York 10017.[8] As a foreign limited liability partnership registered to do business in New

---

[7] The discretionary factors as applied to White & Case LLP are discussed in Point II, *infra*.

[8] https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token= 73A194DB67FF7EEB16383FB809B2CBB3E24F1207FE3731F91DDADECA210CD2535600B 6008E2D50AB9EF8F4AEFACAC1FD&p_nameid=8B1AD0390A0C5DD7&p_corpid=9E375A E3293E5FB0&p_captcha=12651&p_captcha_check=73A194DB67FF7EEB16383FB809B2CB B3E24F1207FE3731F91DDADECA210CD2538B68BA13FFD3FD38BE947750C7E12020&p_ entity_name=%62%64%6F%20%75%73%61&p_name_type=%41&p_search_type=%42%45% 47%49%4E%53&p_srch_results_page=0).

11

York State with its principal executive office in this district, BDO USA is "found" in this district

and meets the statutory requirement under Section 1782. *See re del Valle Ruiz*, 2019 U.S. App.

LEXIS 30002, at \*14 (holding that "[Section] 1782's 'resides or is found' language extends to

the limits of personal jurisdiction consistent with due process").

## C.     CA Investment is an "Interested Party"

Eldorado Brasil does not argue that CA Investment is not an "interested party"

under Section 1782. Accordingly, CA Investment has met all of the statutory requirements set

forth in Section 1782.

## POINT II

### THE DISCRETIONARY INTEL FACTORS WEIGH IN FAVOR OF ALLOWING THE REQUESTED DISCOVERY

Once the three statutory requirements are satisfied, "a district court is free to grant

discovery in its discretion." *In re Application of the Children's Inv. Fund Found.*, 363 F. Supp.

3d at 367 (internal citation omitted). The four discretionary factors as set forth by the Supreme

Court in *Intel* are: (1) whether "the person from whom discovery is sought is a participant in the

foreign proceeding," in which case the need for discovery generally is not as apparent; (2) "the

nature of the foreign tribunal, the character of the proceedings underway abroad, and the

receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial

assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-

gathering restrictions or other policies of a foreign country or the United States;" and (4)

"whether the request is unduly 'intrusive or burdensome.'" *Mees*, 793 F.3d at 298 (citing *Intel*,

542 U.S. at 264-65).

The four discretionary factors set forth in *Intel* are "non-exclusive" and are "not to

be applied mechanically." *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002, at \*25. "[A]

district court should also take into account any other pertinent issues arising from the facts of the particular dispute." *Id.* (internal citation omitted). When performing this analysis, a court should consider Section 1782's twin aims of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn*, 673 F.3d at 81. Here, the discretionary factors weigh in favor of allowing CA Investment to proceed with discovery pursuant to the Order and Subpoenas and denying Eldorado Brasil's motion to vacate the Order and quash the Subpoenas.

## A.     The Subpoena Respondents Are Not Parties in the Foreign Proceedings

The first *Intel* factor considers whether the person from whom discovery is sought is a participant in the foreign proceeding. *See Intel*, 542 U.S. at 264. Section 1782 discovery is particularly warranted when the party from whom discovery is sought is not a party to the foreign proceeding. *See id.* ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unattainable absent § 1782 aid."). Eldorado Brasil does not dispute that the Subpoena Respondents are not parties to any of the Foreign Proceedings. *See* Intervenor Br. at 17.

Rather, Eldorado Brasil incorrectly argues that the Order should be vacated and the Subpoenas quashed because "the Subpoenas are primarily aimed at the discovery of information purportedly supplied by Eldorado Brasil." Intervenor Br. at 17. This is not correct. First, the documents sought in the Subpoenas include communications between the Subpoena Respondents and third parties relating to the Proposed Bond Offering and Offering Memorandum (*e.g.*, the underwriters for the Proposed Bond Offering) that do not necessarily include Eldorado Brasil. *See* Subpoenas. [*See* ECF Docs. 1-2 through 1-6.]

13

Second, the majority shareholder of Eldorado Brasil, J&F Investimentos S.A., is currently controlled by individuals who are notoriously corrupt and CA Investment should not be expected to rely on Eldorado Brasil to be forthcoming with discovery in any of the foreign proceedings. *See e.g., In re Iraq Telecom*, 2019 U.S. Dist. LEXIS 136321, at *10 ("Although the foreign tribunals 'may have jurisdiction to compel the defendants to produce documents, those individuals may not have the same records – or quality of records – as the Banks, all of which almost certainly keep account records.' This is especially true . . .where the defendants are alleged to have engaged in fraud.").

Accordingly, the first *Intel* factor weighs against granting Eldorado Brasil's motion.

## B.    Singapore Courts Are Receptive to Discovery Pursuant to Section 1782

Under the second *Intel* factor, a court looks to whether the foreign tribunal would be receptive to evidence obtained pursuant to Section 1782. *See Intel*, 512 U.S. at 264. The Second Circuit has stated that a district court should deny discovery on the basis of lack of receptiveness only where it is provided with "*authoritative proof* that [the] foreign tribunal would reject evidence obtained with the aid of section 1782." *Euromepa S.A.*, 51 F.3d at 1100 (emphasis added). "Authoritative proof is language in a forum country's 'judicial, executive or legislative declarations' that 'specifically address the use of evidence gather under foreign procedures.'" *In re Republic of Kazakhstan*, 110 F. Supp. 3d 512, 517 (S.D.N.Y. 2015) (quoting *Euromepa S.A.*, 51 F.3d at 1100).[9]

---

[9] In any event, the "Second Circuit has discouraged district courts in the context of section 1782 from 'try[ing] to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law.'" *Id.* (quoting *Euromepa S.A.*, 51 F.3d at 1099).

14

Here, Eldorado Brasil has not provided any "authoritative proof" that the

Singapore courts would not be receptive to discovery obtained in the United States.[10] Thus, "[i]n

the absence of specific evidence that the [foreign] courts [ ] would reject Petitioner's discovery,"

this second factor weighs against granting Eldorado Brasil's motion. *In re Iraq Telecom*, 2019

U.S. Dist. LEXIS 136321, at *11.[11]

## C.     The Application Is Not An Effort To Circumvent Foreign Proof-Gathering Restrictions

The third *Intel* factor looks to "whether the § 1782(a) request conceals an attempt

to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

United States." *Intel*, 542 U.S. at 265.  Eldorado Brasil argues that the Singapore proceedings

"cannot provide a basis for Section 1782 discovery as those proceedings are duplicative of the

claims already pending in the ICC arbitration or as ordered for arbitration by Brazilian courts."

Intervenor Br. at 20.  Eldorado Brasil provides no authority for this statement.

Indeed, the courts in Singapore have neither been requested to take, nor have they

taken, any action to preclude CA Investment from seeking documents from Subpoena

Respondents (or any third parties outside of their jurisdiction).  Moreover, there is no

requirement for an applicant to seek discovery of the material from the foreign tribunal before

---

[10] Eldorado Brasil relies on the speculative conclusions of a Singaporean lawyer who concedes that he "do[es] not know enough of the facts to opine on the likely outcome in any application before the Singapore courts, nor should [he] ... purport to speak for a Singapore court on which it might decide in a pending litigation." *See* Sun Decl. ¶ 67.  [ECF Doc. 22.]

[11] Although Singapore courts have the power to assist parties in seeking discovery in foreign countries, there is no prohibition against a party obtaining discovery without the Singapore court's assistance and using it in the Singapore proceeding provided that documents disclosed or information obtained therefrom are not used for a purpose other than the action in respect of which discovery is obtained.  Nair Decl. ¶ 17.

filing a Section 1782 application. *See In re Shareefah Khaled Alghanim*, No. 17-mc-406 (PKC)
2018 U.S. Dist. LEXIS 83453, at *9-10 (S.D.N.Y. May 9, 2018) (quoting *Mees*, 793 F.3d at 303)
("Section 1782, however, does not require an applicant to exhaust discovery against the
respondent in an available proceeding before seeking section 1782 relief."). Thus, the discovery
sought does not attempt to circumvent proof-gathering restrictions applicable in any of the
foreign proceedings.

Eldorado Brasil's argument that CA Investment's application for discovery
pursuant to Section 1782 "contravenes the U.S.'s pro-arbitration public policy" is also
unpersuasive as courts routinely allow discovery for use in foreign court proceedings where there
are also arbitration proceedings. *See e.g.*, *In re Iraq Telecom*, 2019 U.S. Dist. LEXIS 136321
(granting discovery application under Section 1782 for use in court proceeding in Dubai where
arbitrations had also been commenced with the ICC and Lebanese Arbitration and Mediation
Centre); *In re Application of the Children's Inv. Fund Found.*, 363 F. Supp. 3d at 376 (denying
motion to vacate order and quash subpoena where discovery was for use in court proceedings in
Mauritius and India where there was also an arbitration in the London Court of International
Arbitration).

Accordingly, the third *Intel* factor weighs against granting Eldorado Brasil's
motion.

## D.    The Discovery Sought by CA Investment is Neither Unduly Intrusive Nor Burdensome

The fourth *Intel* factor looks to whether the discovery requests are "unduly
intrusive or burdensome." *Intel*, 542 U.S. at 265. Eldorado Brasil argues that the subpoenas are
overly intrusive and burdensome. Intervenor Br. at 21-22. First, Eldorado Brasil does not have
standing to assert that the Subpoenas are unduly intrusive or burdensome on behalf of the

16

Subpoena Respondents.[12]  Second, the Second Circuit has stated that "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright."  *Mees*, 793 F.3d at 302 (quoting *Euromepa*, 51 F.3d at 1101).  In any event, the Subpoenas contain narrowly tailored document requests.

   Eldorado Brasil also argues that CA Investment's application for discovery was made in bad faith and to harass Eldorado Brasil because (i) CA Investment seeks to use Section 1782 to "expand its ability to take discovery beyond that would be available in the ICC arbitration," (ii) the Subpoenas seek evidence available elsewhere, and (iii) the attempt to obtain discovery from White & Case could raise potential issues involving attorney-client privilege. Intervenor Br. at 23-25.  None of these arguments supports a finding of bad faith or harassment.

   First, CA Investment seeks to use the discovery in the Singapore Bond Injunction and Singapore Derivative Action and, thus, the discovery available in the ICC Arbitration is not relevant.  Furthermore, "as a district court should not consider the *discoverability* of the evidence in the foreign proceeding, it should not consider the *admissibility* of evidence in the foreign proceeding in ruling on a section 1782 application."  *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) (emphasis in original).  Second, as noted above, there is no requirement under Section 1782 that CA Investment exhaust its efforts to obtain discovery from other sources before seeking discovery pursuant to Section 1782.  *See In re Application of the Children's Inv. Fund Found.*, 363 F. Supp. 3d at 374 ("[T]he Second

---

[12] Eldorado Brasil also misstates the applicable law on any journalistic privilege that may be asserted by Moody's or Fitch and does not cite to the controlling case in the Second Circuit, *In re Fitch, Inc.*, 330 F.3d 104 (2d Cir. 2003), which affirmed the district court's decision that Fitch was not entitled to assert the journalist's privilege in response to a non-party subpoena.

Circuit has clearly explained that parties who seek discovery pursuant to § 1782 are not required to 'seek information through the foreign or international tribunal before requesting discovery from the district court.'"). Third, there is no rule precluding Section 1782 discovery from law firms and courts in this district have allowed for Section 1782 discovery from law firms. *See e.g., In re Shareefah Khaled Alghanim*, 2018 U.S. Dist. LEXIS 83453, at \*9-10, \*14 (granting Section 1782 application seeking discovery from Akin Gump); *In re Republic of Kazakhstan*, 110 F. Supp. 3d 512 (S.D.N.Y. 2015) (denying motion to vacate order and quash subpoena issued to Clyde & Co. LLP).

White & Case surely is in possession of relevant non-privileged documents, including communications with underwriters and other third parties, and also it is likely that White & Case's clients do not have possession of all such non-privileged documents (or, as noted above, that those clients should not be trusted to produce such documents in their possession in the foreign proceedings). Moreover, White & Case, in response to the Subpoena directed to it, is entitled to raise an objection to producing documents protected by attorney-client privilege but the mere fact that White & Case acts as counsel to Eldorado Brasil should not be a carte blanche excuse for White & Case not to respond to the subpoena in its entirety. *See Optimal Invs. Serv, S.A. v. Berlamont (In re An Order Pursuant to 28 U.S.C. § 1782)*, 773 F.3d 456 (2d Cir. 2014) (affirming order granting *ex parte* application for leave to serve subpoenas pursuant to Section 1782 on hedge fund sponsor and its U.S.-based law firm and denying motion to quash subpoena).

In this case, the Application fits squarely within the goals of Section 1782 to provide equitable and efficient means to assist parties engaged in litigation abroad. The statutory requirements of Section 1782 are satisfied and the discretionary factors overwhelmingly weigh

18

against Eldorado Brasil's motion to vacate the Order and quash the Subpoenas.

## CONCLUSION

For the foregoing reasons, CA Investment respectfully requests that the Court

deny intervenor Eldorado Brasil's motion to vacate the Court's Order dated March 21, 2019

granting CA Investment's *ex parte* application pursuant to 28 U.S.C. § 1782 and to quash the

Subpoenas for the production of documents for use in foreign proceedings issued to: (i) White &

Case LLP; (ii) BDO USA, LLP; (iii) The Bank of New York Mellon Corporation; (iv) Moody's

Investors Service, Inc. and (v) Fitch Ratings, Inc.

Dated:   New York, New York
         October 15, 2019

                          Respectfully submitted,

                          SCHNADER HARRISON SEGAL & LEWIS LLP

                          By:   Kenneth R. Puhala
                                Theodore L. Hecht
                                Cynthia A. Murray
                          140 Broadway, Suite 3100
                          New York, NY 10005
                          Telephone:  (212) 973-8000
                          Facsimile:  (212) 972-8798
                          E-mail: kpuhala@schnader.com
                          E-mail: thecht@schnader.com
                          E-mail: cmurray@schnader.com
                          *Attorneys for Applicant, CA Investment (Brazil) S.A.*

19